UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AARON WATSON, | ) |
|     Petitioner, | ) Case No.  EDCV 16-1432 AB (AJW) |
|     v. | ) MEMORANDUM AND ORDER |
| STATE OF CALIFORNIA, | ) DISMISSING PETITION |
|     Respondent. | ) FOR LACK OF JURISDICTION |

On June 19, 2013, petitioner pleaded no contest to possessing a controlled substance and to maintaining a place for the use of a controlled substance. In exchange for his plea, the prosecutor dismissed other charges and agreed to a suspended sentence of five years and eight months. On August 26, 2013, after petitioner violated the terms of his release, he was placed on probation. [See Docket No. 24 at 3-4].

On March 20, 2014, petitioner filed a petition for a writ of habeas corpus in this court. Case No. EDCV 14-537-AB(AJW). A report was issued addressing the merits of each of petitioner's claims for relief and recommending that the petition be denied. Judgment was entered denying the petition on August 21, 2015.

On June 20, 2016, petitioner filed a document entitled "Motion

for Reconsideration," which purports to be brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Petitioner does not allege any defect in the federal habeas corpus proceedings or in this Court's August 21, 2015 judgment denying his petition. Rather, the motion again challenges petitioner's 2013 conviction, and sets forth eight new grounds for relief. [Docket No. 36 at 1-5]. Because petitioner's allegations constitute new claims challenging his 2013 state court conviction, his Rule 60(b) motion is actually a disguised successive petition. See Gonzalez, 545 U.S. at 530-532 (2005) (explaining that a legitimate Rule 60(b) motion "attacks ... some defect in the integrity of the federal habeas proceedings," while a successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction"); Jones v. Ryan, 733 F.3d 825, 833-834 (9th Cir.) (stating that habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA" or to circumvent the restrictions on successive habeas corpus petitions), cert. denied, 134 S.Ct. 503 (2013); United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir.) (per curiam) (applying Gonzalez and stating that "[t]o show a defect in the integrity of his first § 2255 proceeding, Buenrostro must point to something that happened during that proceeding that rendered its outcome suspect"), cert. denied, 132 S.Ct. 342 (2011).

A district court may not consider a successive petition absent prior authorization from the court of appeals. See 28 U.S.C. §

2244(b)(3)(A). Petitioner has not obtained authorization from the Court of Appeals to file a successive petition, so this Court lacks jurisdiction to entertain it. Accordingly, this disguised successive petition is dismissed for lack of jurisdiction. See <u>United States v. Zaragoza-Santa Cruz</u>, 584 Fed. Appx. 739, 740 (9th Cir. 2014) (vacating the district court's order denying the petitioner's Rule 60(b) motion, concluding that the motion was actually a disguised successive petition which the district court should have dismissed for lack of jurisdiction); <u>Jones</u>, 733 F.3d at 838 (affirming the district court's dismissal of a Rule 60(b) motion as a disguised successive habeas corpus petition over which the district court lacked jurisdiction absent authorization from the court of appeals).

**It is so ordered.**

Dated: <u>July 22, 2016</u>

_____
André Birotte Jr.
United States District Judge